| UNITED STATES DISTRICT COURT  CENTRAL DISTRICT OF CALIFORNIA  CIVIL MINUTES—GENERAL | JS-6 / REMAND |
|---|---|

| Case No. | **CV 25-3700-DMG (PVCx)** | Date | June 17, 2025 |
|---|---|---|---|
| Title | ***Kip Theno v. Abbott Laboratories, et al.*** | Page | 1 of 4 |

Present: The Honorable   DOLLY M. GEE, CHIEF UNITED STATES DISTRICT JUDGE

| DEREK DAVIS | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE PLAINTIFF'S MOTION TO REMAND**

Before the Court is Plaintiff Kip Theno's Motion to Remand ("MTR"). [Doc. # 39.] The motion is fully briefed. [Doc. ## 44 ("Opp."), 45 ("Reply").] For the reasons set forth below, the Court **GRANTS** Theno's MTR.

**I.**
**FACTUAL AND PROCEDURAL BACKGROUND**

This action is related to *Kip Theno v. Abbott Laboratories, et al. ("Theno I")*, No. CV 20-4765-DMG (PVCx) (C.D. Cal.) and *Kip Theno v. Abbott Laboratories, et al. ("Theno II")*, No. CV 21-585-DMG (PVCx) (C.D. Cal.). The Court incorporates by reference its summary of the factual and procedural allegations of this case from its prior orders. *See Theno I*, Doc. # 25 ("*Theno I* Remand Ord."); *Theno II*, Doc. # 29 ("*Theno II* Remand Ord.").

This is the *third* time this case has been removed to federal court. Defendants Abbott Laboratories, St. Jude Medical S.C., Inc., and St. Jude Medical LLC removed this action on April 25, 2025. [Doc. # 1 ("NOR").] The *first* time the Court remanded this action in July of 2020, it rejected Defendants' argument that the parties were diverse of citizenship because Defendant Jessica Cline had been fraudulently joined as a sham defendant. *Theno I* Remand Ord. at 8.[1] On the *second* removal attempt in March of 2021, this Court again rejected Defendants' reassertion that Cline was a sham defendant based on Theno's newly taken deposition. *Theno II* Remand Ord. at 4.

Defendants return for a third time, after over four years of litigation in state court since this Court's last order, including discovery and a now-canceled trial date set for December of this year, claiming the voluntary dismissal of former Defendant Cline in state court renders the case removable based on diversity jurisdiction. NOR at 2; MTR at 5. Neither side disputes that the

---

[1] All page citations herein refer to the page numbers inserted by the CM/ECF system.

| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk DD |
|---|---|---|

UNITED STATES DISTRICT COURT  
CENTRAL DISTRICT OF CALIFORNIA  
CIVIL MINUTES—GENERAL

JS-6 / REMAND

| Case No. | **CV 25-3700-DMG (PVCx)** | Date | June 17, 2025 |
|---|---|---|---|

| Title | ***Kip Theno v. Abbott Laboratories, et al.*** | Page | 2 of 4 |
|---|---|---|---|

dismissal of Defendant Cline creates complete diversity of citizenship, or that Defendants' third notice of removal was filed more than one year after the suit began. *See* MTR at 5; Opp. at 10, 11; *Theno II* Remand Ord. at 1 n.1. At issue is whether Defendants may claim the bad faith exception to the one-year deadline to remove cases to federal court. *See* 28 U.S.C. § 1446(c)(1); MTR at 5; Opp. at 11.

## II.
## LEGAL STANDARD

There is a "strong presumption against removal jurisdiction," and courts must reject it "if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*per curiam*)) (internal quotation marks omitted). The burden of establishing federal subject matter jurisdiction falls on the removing party. *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009).

At issue here is the so-called "bad faith exception" to the one-year limit on removal. *Kalfsbeek Charter v. FCA US, LLC*, 540 F. Supp. 3d 939, 942 (C.D. Cal. 2021) (citing *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1316-18 (9th Cir. 1998). A case may not be removed from state to federal court "more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c). The purpose of the bad faith exception is to prevent plaintiffs from joining non-diverse parties to prevent removal to federal court. *Manious v. R.J. Reynolds Tobacco Co.*, 720 F. Supp. 3d 952, 959 (D. Haw. 2024).

The Ninth Circuit has not articulated a standard for district courts to use when evaluating the bad faith exception. *See Manious*, 720 F. Supp. 3d at 952; *Kalfsbeef Charter*, 540 F. Supp. 3d at 943; *Kolova v. Allstate Ins. Co.*, 438 F. Supp. 3d 1192, 1196 (W.D. Wash. 2020). District courts in the Ninth Circuit have concluded it is a "high burden" or "strict standard" to find bad faith. *See Manious*, 720 F. Supp. 3d at 952 (collecting cases); *Kalfsbeef Charter*, 540 F. Supp. 3d at 943 (collecting cases); *Kolova*, 438 F. Supp. 3d at 1196. This approach is in accordance with the requirement that courts strictly construe the removal statute against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

District courts have considered three common factors to assess whether the bad faith exception applies: (1) the timing of naming a non-diverse defendant; (2) the timing of dismissal, and (3) the explanation given for that dismissal. *Manious*, 720 F. Supp. 3d at 959–960 (collecting

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>CIVIL MINUTES—GENERAL | JS-6 / REMAND |

| Case No. | CV 25-3700-DMG (PVCx) | Date | June 17, 2025 |
|---|---|---|---|
| Title | *Kip Theno v. Abbott Laboratories, et al.* | Page | 3 of 4 |

cases); *Kalsbeef Charter*, 540 F. Supp. 3d at 943 (collecting cases); *Kolova*, 438 F. Supp. 3d at 1196–7.

### III.
### DISCUSSION

In this case, the Court finds no indication of bad faith on Theno's part. Cline was a named defendant in this case since its inception—indeed, the Court had to address this fact on two separate occasions. *See Theno I* Remand Ord.; *Theno II* Remand Ord. Since the Court's last remand order, the parties have conducted extensive discovery and motion practice. Regarding Cline, Theno sent Form Interrogatories to her, engaged in meet and confers and an informal discovery conference, and deposed Cline on December 17, 2024. *See* Decl. of Larry A. Helfman ISO MTR ("Helfman Decl.") at ¶ 5, 6, 7 [Doc. # 40]; Doc. # 40-1 at 188–207.[2] Based on issues with her recollection identified in her deposition, Theno voluntarily dismissed Cline on April 1, 2025. Helfman Decl. at ¶ 10; MTR at 8–12; Opp. at 9–10. In sum, Theno diligently took discovery from Cline and actively litigated his case against her. *See Manious*, 720 F. Supp. 3d at 960 ("district courts have found bad faith when a plaintiff failed to actively litigate a claim against a defendant in any capacity") (internal quotations removed).

Defendants point to their motion for sanctions in state court as evidence of Theno's bad faith dismissal. Opp. at 13–14, 17. The motion for sanctions, however, was not ruled upon and suggests nothing other than a repeat of Defendants' choice of tactics in the litigation of this case thus far. *See Theno II* Remand Ord. at 4.[3] Indeed, Defendants' removal has yet *again* derailed the case by causing the state court to take the trial date previously set for December of this year off-calendar. *See Theno II* Remand Ord. at 4 ("Even more troubling, Defendants' second removal completely derailed the case just as it was beginning to meaningfully advance. . . ."); MTR at 5; Reply at 13.

---

[2] Defendants' objections to Helfman's declaration and attached exhibits in support of Theno's MTR are **OVERRULED**. [Doc. # 44-1.] Although the declaration was untimely, it was filed only one day later, was referenced in the MTR and a timely filed supporting declaration [Doc. # 40], and there is no prejudice to Defendants. Additionally, Helfman, as Theno's counsel, has personal knowledge of the discovery requests, reviewed them himself, and speaks to Theno's undeniably relevant reasons for voluntarily dismissing Cline—not to an improper legal conclusion. Fed. R. Evid. 401, 402, 602, 701, 1001, 1002.

[3] In its second order to remand, where the Court granted Theno's request for attorney's fees, it found "[a]t worst, Defendants' second removal was a bad faith delaying tactic, meant to further stall their responses to discovery and to drive up Plaintiff's costs. At best, it amounts to unreasonable forum shopping in the face of the prior similar remand order." *Theno II* Remand Ord. at 4.

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>CIVIL MINUTES—GENERAL | JS-6 / REMAND |

| Case No. | **CV 25-3700-DMG (PVCx)** | Date | June 17, 2025 |
|---|---|---|---|
| Title | ***Kip Theno v. Abbott Laboratories, et al.*** | Page | 4 of 4 |

Because Defendants have not carried their burden of showing Theno acted in bad faith, the one-year limitation in section 1446(c)(1) applies, the removal is untimely, and the case must be remanded back to Los Angeles County Superior Court.

## IV.
## CONCLUSION

In light of the foregoing, Theno's MTR is **GRANTED.** The case is hereby **REMANDED** to the Los Angeles County Superior Court. The hearing on the MTR set for June 27, 2025 is **VACATED**.

**IT IS SO ORDERED**.